EDWARD B. HOLLINSHEAD, executor of the last will and testament of Joseph G. Hollinshead, deceased,

*v.*

MARY B. WOOD et al.

[Argued March 22d, 1915. Decided June 14th, 1915.]

Where a testator by will bequeathed to his daughter "all bonds and mortgages covering real estate, which I may possess at the time of my decease," and it appeared that among other securities he held four railway bonds, secured by a trustee mortgage, covering the real and personal property of the railway company—*Held,* that the language employed by the testator was not intended to transfer the ownership of the bonds thus secured.—*Held, further,* that the language employed by the testator must be applied in its ordinary meaning and acceptation, in the absence of a contrary intent expressed in the will, as applying to bonds and mortgages held by him directly or by assignment upon distinct parcels of real estate.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Backes.

*Mr. William C. French, Mr. F. Lawrence Dudley* and *Mr. William D. Lippincott,* for the complainant.

*Mr. Frederic R. Brace, Mr. S. Stanger Iszard* and *Mr. Thomas B. Hill,* for the defendants.

The opinion of the court was delivered by

MINTURN, J.

This bill was filed to construe the following clause in the will of Joseph C. Hollinshead, deceased:

"I give, devise and bequeath unto my daughter, Mary B. Wood, absolutely, all bonds and mortgages covering real estate which I may possess at the time of my decease," as applied to the disposi-

tion of seven bonds of which the testator died possessed. Of these seven bonds two were trust certificates of the Philadelphia Electric Company, and one a trust certificate of the Electric and People's Traction Company, each of these three being of a par value of $1,000 and secured by the deposit of corporate capital stock in the hands of the trustees. These three bonds were deemed by the court of chancery not to be within the description, "bonds and mortgages covering real estate," and so did not pass to Mary B. Wood, but became a part of the residue which by the will was to be divided equally between Mary B. Wood and Edward B. Hollinshead, testator's two children. The four bonds, the disposition of which is the real subject of this appeal, are obligations of the Camden and Suburban Railway Company, and, admittedly, are secured by a mortgage, made to a trustee for the bondholders and covering all of the real property as well as all of the personal property of the company.

We are unable to agree with the learned vice-chancellor's construction that the four bonds in question, secured by a mortgage to the trustee of the Camden and Suburban Railway Company, are to be included within the reasonable and proper interpretation of the language "bonds and mortgages covering real estate."

This language, we assume, was applied by the testator in its ordinary signification and common use, to indicate bonds and mortgages held by the testator either directly as mortgagee or by legal assignment upon specific parcels of real estate. We must assume that the testator in choosing language to express his intent used the expressions chosen in their ordinary and popular acceptation.

The fundamental rule applicable to such a situation has been stated to be that courts, both of law and equity, will construe words according to their strict and primary acceptation, unless from their immediate context, or from the intention of the parties apparent on the face of the instrument, the words appear to have been used in a different sense; or unless in their strict sense they are incapable of being carried into effect. Ordinarily, the court will understand words used in their popular sense, and will interpret the language *secundum subjectum materiem*. *Pollock*

*C. B. Mallan* v. *May, 13 M. & W. 511; Hallowell* v. *Morrell, 1 Scott N. B. 309; Marshalls, Executor,* v. *Hadley, 50 N. J. Eq. 548; Stout* v. *Cook, 77 N. J. Eq. 153; Bennett* v. *Van Riper, 47 N. J. Eq. 563.*

The case of *Hammil* v. *Swan, 61 N. J. Eq. 179,* relied upon in the court below, does not militate against this cardinal doctrine, but rather consists therewith. In that case the language employed by the testator was "all bonds and mortgages of every kind whatever," sufficiently generic it will be observed to include any species of mortgage obligation.

In this instance, the mortgage securing the bonds in question was not held by the testator, but by a trustee for the benefit of the bondholders, and, ordinarily, and legally speaking, it is not supposed to be an obligation which the bondholders can "possess," but only a security which can be legally enforced in their interest by the trustee mortgagee *eo nomine.*

In no sense, therefore, can it be said in the language of the will that the testator was in possession of the mortgage in question.

The result is that the decree of the court of chancery will be reversed to accord with these views.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS —14.